**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| CHAD MORRIS, | § | **No. 4:14-cv-2286** |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| GC SERVICES, LP | § | |
| | § | |
| Defendant. | § | |
| | § | |

**PLAINTIFF'S COMPLAINT**

CHAD MORRIS (Plaintiff), through attorneys, KROHN & MOSS, LTD., alleges the

following against GC SERVICES, LP (Defendant):

**INTRODUCTION**

1.    Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C.

1692 *et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2.    Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such

actions may be brought and heard before "any appropriate United States district court

without regard to the amount in controversy."

3.    Because Defendant is located in and conducts business in the State of Texas, personal

jurisdiction is established.

4.    Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5.    Plaintiff is a natural person residing in Chaparral, New Mexico and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

6.    Pursuant to the definitions outlined in 15 U.S.C. 1692a(1-6), Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was allegedly due and owing from Plaintiff, and Plaintiff is a consumer debtor.

7.    Defendant is a debt collection company located in Houston, Texas.

8.    Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9.    Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Defendant places collection telephone calls to Plaintiff in an attempt to collect an alleged debt.

11. Plaintiff's alleged debt arises from transactions for personal, household, and/or family purposes.

12. Defendant places collection calls to Plaintiff at 575-642-19XX and 575-649-38XX.

13. On or around April 1, 2014, Defendant placed a collection call to Plaintiff and left a voicemail message.

14. In the voicemail message, Defendant's representative, "Andrea," failed to state that the call was being placed by a debt collector, and failed to state that the call was being placed to collect an alleged debt.  *See* Transcribed Voicemail Message attached hereto as Exhibit "A."

15. In the voicemail message, Defendant's representative, "Andrea," directed Plaintiff to return the call to 1-800-846-6406 extension 5717, which is a number that belongs to Defendant. *See* Exhibit "A."

16. On or around April 2, 2014, Defendant placed a collection call to Plaintiff and left a second voicemail message.

17. In the second voicemail message, Defendant's representative, "Andrea," failed to state that the call was being placed by a debt collector, and failed to state that the call was being placed to collect an alleged debt.  *See* Transcribed Voicemail Message attached hereto as Exhibit "B."

18. In the second voicemail message, Defendant's representative, "Andrea," directed Plaintiff to return the call to 1-800-846-6406 extension 5717, which is a number that belongs to Defendant.  *See* Exhibit "B."

19. On or around April 10, 2014, Defendant placed a collection call to Plaintiff and left a third voicemail message.

20. In the third voicemail message, Defendant's representative, "Andrea," failed to state that the call was being placed by a debt collector, and failed to state that the call was being placed to collect an alleged debt.  *See* Transcribed Voicemail Message attached hereto as Exhibit "C."

21. In the third voicemail message, Defendant's representative, "Andrea," directed Plaintiff to return the call to 1-800-846-6406 extension 5717, which is a number that belongs to Defendant.  *See* Exhibit "C."

22. Defendant is using false, deceptive and misleading means in connection with attempting to collect a debt by not identifying the purpose of its phone calls or that they are an attempt to collect a debt.

## COUNT I

## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

23.     Defendant violated the FDCPA based on the following:

  a.  Defendant violated § 1692e of the FDCPA by using false, deceptive or misleading representations or means in connection  with the collection of the debt;

  b.  Defendant violated § 1692e(10) of the FDCPA by using deceptive means in an attempt to collect a debt;

  c.  Defendant violated § 1692e(11) of the FDCPA by failing to disclose in its communications with Plaintiff that the communication was from a debt collector.

WHEREFORE, Plaintiff, CHAD MORRIS, respectfully requests judgment be entered against Defendant, GC SERVICES, LP, for the following:

24.     Statutory damages of $1,000.00  pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

25.     Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

26.     Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated:_____          By:_____
                             Ryan S. Lee
                             Krohn & Moss, Ltd
                             10474 Santa Monica Blvd.
                             Suite 405

Los Angeles, CA 90025
(323) 988-2400 x241
(866) 861-1390 (fax)
Email: rlee@consumerlawcenter.com